UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELIJAH BARSE,<br><br>Defendant. | 4:24-CR-40058-RAL<br><br>OPINION AND ORDER<br>ON MOTIONS IN LIMINE |

A grand jury indicted Elijah Barse with one count of carjacking and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence. Doc. 1. Barse has pleaded not guilty to the charged offenses and has exercised his right to a jury trial. On May 2, 2025, this Court held a pretrial conference and motion hearing, where it heard argument and ruled on the Government's Motions in Limine, Doc. 64, and on Defendant Elijah Barse's Motions in Limine, Doc. 67. This Court now formalizes its rulings with this Opinion and Order.

I.  **Legal Standard**

Rulings on motions in limine are by their nature preliminary. United States v. Spotted Horse, 916 F.3d 686, 693 (8th Cir. 2019). They "developed pursuant to the district court's inherent authority to manage the course of trials," Luce v. United States, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials," Spotted Horse, 916 F.3d at 693. This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. Motion in limine, Black's Law Dictionary (11th ed. 2019). Rulings on motions in limine

necessarily occur before the nature and relevance of the evidence can be placed in full context. See Spotted Horse, 916 F.3d at 693. Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds. Luce, 469 U.S. at 41–42. If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain a contrary ruling.

## II. Discussion

### A. Government's Motions in Limine

The Government's Motions in Limine, Doc. 64, contain nine subparts and seek (1) to exclude reference to penalty and punishment; (2) to exclude opining on the guilt or innocence of the Defendant; (3) to exclude reference to matters required to be raised by pretrial motion under Fed. R. Crim. P. 12(b)(3); (4) to exclude reference to the Government's charging decisions in this matter; (5) to permit Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Agent Cory Forbrook to sit at counsel's table during trial; (6) to sequester witnesses from the courtroom; (7) to exclude evidence or argument relating to the jury's power of nullification; (8) to exclude references to plea negotiations; and (9) to exclude reference to witnesses who did not testify. Each subpart is addressed below.

#### 1. Reference to Penalty or Punishment

In subpart one, the United States moves to preclude Barse, his attorney, and any witness from referring to the possible penalty or punishment Barse will face if convicted of the crime charged. The United States argues that permitting the jury to hear information about what penalty

or punishment Barse faces would be improper and would only confuse the jury. Barse does not object to subpart one.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See id. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993) ("[F]ederal criminal juries are almost never instructed concerning the consequences of verdicts.").

Accordingly, this Court grants the Government's motion as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Barse could receive if convicted. This does not, however, preclude Barse from referring to the charge as a "serious" or "felony" offense. Nor does it preclude reference to the charge as a "crime of violence."

### 2. Opining on Guilt or Innocence

In subpart two, the United States requests an order barring Barse, his attorney, and any witnesses from expressing their opinion about the guilt or innocence of Barse. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164

3

F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should be scrupulously avoided."). Therefore, neither Barse, the attorneys, nor any witnesses may opine on the guilt or innocence of Barse. This, of course, does not preclude Barse from potentially testifying about his innocence nor prevent his attorney from asserting actual innocence or arguing that the evidence presented at trial does not establish guilt beyond a reasonable doubt.

### 3. Reference to Matters Required to Be Raised by Pretrial Motion

Next, the United States seeks to prohibit Barse from referencing matters that should have been brought before this Court by pretrial motion under Fed. R. Crim. P. 12(b)(3). In relevant part, Rule 12(b)(3) provides that:

> The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:
> (A) a defect in instituting the prosecution, including:
>   (i) improper venue;
>   (ii) preindictment delay;
>   (iii) a violation of the constitutional right to a speedy trial;
>   (iv) selective or vindictive prosecution; and
>   (v) an error in the grand-jury proceeding or preliminary hearing;
> (B) a defect in the indictment or information, including:
>   (i) joining two or more offenses in the same count (duplicity);
>   (ii) charging the same offense in more than one count (multiplicity);
>   (iii) lack of specificity;
>   (iv) improper joinder; and
>   (v) failure to state an offense;
> (C) suppression of evidence;
> (D) severance of charges or defendants under Rule 14; and
> (E) discovery under Rule 16.

Additionally, although not explicitly listed under Rule 12(b)(3), a defendant's argument that law enforcement engaged in "outrageous government conduct"[1] is a question of law and therefore must

---

[1] Outrageous governmental conduct refers to "conduct of law enforcement agents [that] is so outrageous that due process principles would absolutely bar the government from invoking judicial

4

be "raised as a pre-trial motion to dismiss the indictment." United States v. Nguyen, 250 F.3d 643, 645–46 (8th Cir. 2001) (stating that the failure to file a pre-trial motion to dismiss the indictment based on outrageous government conduct "waives the issue") (citing United States v. Henderson-Durand, 985 F.2d 970, 973 n.4 (8th Cir. 1993)); see also United States v. Duncan, 896 F.2d 271, 274–75 (7th Cir. 1990) (agreeing "with the Second Circuit that an outrageous governmental conduct defense must be made the subject of a pre-trial motion" (citing United States v. Nunez-Rios, 622 F.2d 1093, 1098 (2nd Cir. 1980)).

Unless otherwise set by the court, the deadline to file motions under Rule 12(b)(3) is the start of trial. Fed. R. Crim. P. 12(c)(1), (c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."); see United States v. Trancheff, 633 F.3d 696, 697 (8th Cir. 2011). In this case, the deadline for filing such motions was April 15, 2025. Doc. 60. A party's failure "to [timely] file a pretrial motion by the deadline" constitutes a waiver of that issue. Trancheff, 633 F.3d at 697. Although a court has the discretion to excuse a waiver and review an untimely filed pretrial motion, id., the party seeking the court's review must show good cause, meaning they "must show both cause and prejudice." United States v. Mayer, 63 F.4th 680, 683 (8th Cir. 2023) (citation omitted). Thus, absent good cause shown, Barse may not raise or argue a defense, objection, or request enumerated under Rule 12(b)(3) at trial.

### 4. Reference to Government's Charging Decisions in This Matter

The United States requests an order preventing Barse, defense counsel, and any witness from making direct or indirect reference to the United States's charging decision in this matter.

---

processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431–32 (1973). The United States Court of Appeals for the Eighth Circuit has stated that "[t]he level of outrageousness needed to prove a due process violation is 'quite high,' and the government's conduct must 'shock the conscience of the court.'" United States v. Hunt, 171 F.3d 1192, 1195 (8th Cir. 1999) (quoting United States v. Pardue, 983 F.2d 835, 847 (8th Cir. 1993)).

References to the United States's charging decisions generally offer "minimum probative value" and are typically "outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury." United States v. Reed, 641 F.3d 992, 993-94 (8th Cir. 2011) (collecting cases where other courts of appeal upheld exclusion of evidence of prior charging decisions); United States v. Noske, 117 F.3d 1053, 1058 (8th Cir. 1997) (affirming district court's exclusion of IRS agent's recommendation against prosecuting defendant). Barse does not object to this subpart. Accordingly, this Court grants subpart four of the Government's Motions in Limine.

### 5. Request for Investigator to Sit at Counsel Table

Subpart five requests that ATF Agent Cory Forbrook be allowed to sit at counsel table during trial. This Court typically allows one case agent to sit at counsel table alongside the Assistant U.S. Attorney and for any investigator for the defense to be at or near defense counsel table. Anna Kexel, the paralegal for the defense, will be allowed to be at defense counsel table. This Court grants subpart five of the Government's Motions in Limine.

### 6. Sequestration of Witnesses

Subpart eleven of the Government's Motions in Limine requests an order sequestering all witnesses, except for ATF Agent Forbrook. "The purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; see Engelmann, 701 F.3d at 877. Generally, a "district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether to allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the trial court's discretion."

Id. (cleaned up and citation omitted). Therefore, all fact witnesses—whether for the United States or Barse—will be sequestered, except for Agent Forbrook and paralegal Anna Kexel. Barse of course is entitled to be in the courtroom throughout the trial.

### 7. Jury Nullification

Subpart seven seeks to prevent Barse, defense counsel, and any witness from making direct or indirect reference to jury nullification. Such information is not relevant to Barse's guilt or innocence. See also United States v. Thomas, 116 F.3d 606, 615 (2d Cir. 1997) ("[T]he power of juries to 'nullify' or exercise a power of lenity is just that – a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent."). This Court grants subpart seven of the Government's Motions in Limine.

### 8. References to Plea Negotiations

Subpart eight seeks to prevent Barse, defense counsel, and any witness from making any comments or references, whether direct or indirect, to plea negotiations in this matter. The United States argues that such information is not relevant to Barse's guilt. Rule 410(a) of the Federal Rules of Evidence renders plea discussions inadmissible. The exceptions to that rule contained in Rule 410(b) do not apply here. This Court grants subpart eight of the Government's Motions in Limine.

### 9. Reference to Witnesses Who Did Not Testify

The United States seeks an order in limine precluding Barse, defense counsel, and any witness from making comment, argument, or reference to potential witnesses who do not testify in this case. The United States's motion is granted to the extent that parties may not speculate about the substance of the testimony of any witness who is not called. However, the motion is denied to the extent that lack of testimony may be relevant to the United States's burden of proof

and may be the subject of defense counsels' closing argument. If defense counsel references a potential witness's absence during closing argument, the United States may attempt to rebut the argument by noting the defendant's ability to subpoena witnesses. See United States v. May, 131 F.4th 633, 643 (8th Cir. 2025) ("When defense counsel emphasizes during his closing argument the government's failure to call potentially damaging witnesses, the district court does not abuse its discretion in allowing the government to reference the defendant's subpoena power during its closing argument."). Counsel, of course, may still comment about expected testimony during opening statement, and comment about what testimony occurred when delivering closing argument.

### B. Barse's Motions in Limine

Barse moves in limine to preclude (1) introduction of videos or photos that contain other act evidence; (2) reference to Barse's prior criminal record; (3) evidence of the Barse's prior convictions if Barse testifies; and (4) details surrounding Barse's arrest. Doc. 67. Each subpart is addressed below.

#### 1. Videos or Photos Depicting Other Acts

Barse seeks to exclude videos or photos from Barse's Snapchat account that include:

(1) A video from two months before the allegations in the Indictment showing Barse possessing an alleged firearm with a laser and extended clip;
(2) A still photo from Barse's "Snapchat Story" showing two alleged firearms on a table next to a bottle of tequila, which were posted on November 20, 2023, two days after the date of the allegations in the Indictment. Barse is not depicted in this photo.
(3) Any other videos/photos from Barse's "Snapchat Story" depicting marijuana, Barse, or other individuals.

Doc. 67 at 1–2.

Barse characterized this subpart of his motions in limine as preventing evidence of other bad acts. The United States has not filed a notice under Federal Rules of Evidence 404(b) of its

8

intent to present evidence of Barse's other acts. Under the Federal Rules of Evidence 404(b), while "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character," it is admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." United States v. Ali, 799 F.3d 1008, 1026 (8th Cir. 2015) (cleaned up and citation omitted). In the Eighth Circuit, a prior act is admissible under Rule 404(b) if it is: "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." United States v. LaRoche, 83 F.4th 682, 690 (8th Cir. 2023) (cleaned up and citation omitted). However, the United States is not introducing these items as prior bad acts. Lawful possession of firearms by those not prohibited from doing so is protected under the Second Amendment, and in South Dakota there are more guns than people. The mere possession of a firearm is not a prior bad act and does not prejudice Barse.

The real question is whether the pictures and videos are relevant under Rule 401 of the Federal Rules of Evidence and, if so, whether under Rule 403, their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needless presentation of evidence. Barse's possession of a gun with a laser and extended clip two months before the alleged crime seems irrelevant, particularly because the person who was the victim of the carjacking described a different gun. Evidence from Barse's Snapchat account of two guns uploaded two days after the alleged carjacking and a day before Barse's arrest appears relevant and admissible, as those guns more closely resemble what the carjacking victim described. The video connecting Barse to the Snapchat account then is relevant to show ownership and control of the Snapchat account. However, any the portion of the video

9

suggesting that Barse had marijuana is substantially more unfairly prejudicial than probative and thus inadmissible. This subpart of Barse's motion in limine is granted in part and denied in part.

### 2. Substantive Evidence of Barse's Prior Criminal Record

Barse next moves to preclude the United States and any witnesses making any comment or reference, whether direct or indirect, to Barse having a prior record, having been in jail or prison, that Barse was on probation at the time of this alleged offense or any reference to the fact that Barse had a warrant. Barse argues this evidence is not relevant and would be unfairly prejudicial under Rule 403. This Court grants Barse's motion in limine as it relates to the United States's case in chief.

### 3. Impeachment Evidence of Barse's Prior Convictions

Barse seeks to exclude evidence of his prior convictions should he testify. Barse was convicted as an adult of first-degree robbery in September 2017 and aggravated assault, simple assault on a corrections officer, terrorizing conspiracy to commit escape, and preventing arrest or discharge of duties in December 2019.[2]

Generally, under Rule 609(a), a defendant's prior conviction may be used to attack his character for truthfulness, should he choose to testify, if the crime of conviction was a felony offense and "the probative value of admitting this evidence outweighs its prejudicial effect" to the defendant. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008). This Court is skeptical that either conviction would be admissible if Barse were to testify but reserves ruling at this time.

---

[2] Barse was born in December of 2001, meaning he was only 15 when convicted in his robbery case and only 17 when convicted of the assault-related behavior. In both instances, he was convicted as an adult.

### 4. Details Surrounding Barse's Arrest

Subpart four of Barse's motions in limine seeks to exclude evidence of Barse's arrest, which occurred three days after the allegations in the Indictment. Law enforcement went to Barse's residence, and he ran when he saw them. Barse was apprehended after a short foot chase. Barse argues that evidence of the arrest is inadmissible under Rules 401 and 403.

Flight from law enforcement may have probative value as circumstantial evidence of consciousness of guilt. United States v. Howard, 977 F.3d 671, 676 (8th Cir. 2020).

> The probative value of flight evidence depends on whether the evidence supports the following four inferences: that the defendant fled; that the flight evinced consciousness of guilt; that the guilt related to the crime charged in this case; and that the consciousness of guilt flowed from actual guilt of the crime charged.

United States v. Hall, 44 F.4th 799, 803 (8th Cir. 2022) (cleaned up). Still courts must consider the amount of evidence on the subject and the way it is presented. Id. at 804. Excessive or inflammatory evidence is typically inadmissible. Id. This Court reviewed body camera video of one officer present during Barse's arrest and heard a description of what testimony about the arrest is likely to be. Barse's behavior of fleeing on foot in a failed attempt to avoid arrest seems relevant although this Court may temper the evidence by giving a limiting instruction. This subpart of Barse's motions in limine is denied.

### III. Conclusion

Therefore, it is hereby

ORDERED that the Government's Motions in Limine, Doc. 64, are granted to the extent stated herein. It is further

ORDERED that Defendant Elijah Barse's Motions in Limine, Doc. 67, are granted in part and denied in part to the extent stated herein.

DATED this 2nd day of May, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE